UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 12-51** |
| **BERNELL WILLIAMS** | **SECTION: "S" (3)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant Bernell Williams' **Motion for Appointment of Counsel** (Rec. Docs. 460, 462) is **DENIED**.

## BACKGROUND

On April 10, 2013, defendant pled guilty to Counts 1, 2, 3, 6, and 18 pursuant to a Rule 11(c)(1)(C) plea agreement. Rec. Doc. 236. Count 1 was a RICO conspiracy, in violation of 18 U.S.C. § 1962(d); Count 2 was a drug conspiracy in violation of 21 U.S.C. § 846; Count 3 was a firearms conspiracy, in violation of 18 U.S.C. § 924(o); and Counts 6 and 18 were Violent Crimes in Aid of Racketeering, in violation of 18 U.S.C. § 1959. The plea agreement specifically dismissed Counts 7, 16, 19, 32, and 33, which were all violations of 18 U.S.C. § 924(c). Rec. Doc. 236. Defendant was sentenced to 240 months as to each count, to run concurrently. Rec. Doc. 378.

Defendant has filed the instant motion seeking appointment of counsel under 18 U.S.C. § 3006(a)(2)(B) to assist him in pursuing a claim premised on United States v. Davis, 139 S. Ct. 2319 (2019), in which the Supreme Court held 18 U.S.C. § 924(c)(3)(B) to be unconstitutionally vague. The Government opposes the motion.

**DISCUSSION**

There is no general constitutional right to appointed counsel in post-conviction proceedings. See <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987). The appointment of counsel is required only if an evidentiary hearing is held. <u>United States v. Vasquez</u>, 7 F.3d 81, 83 (5th Cir. 1993). However, under 18 U.S.C. § 3006A(2)(b), federal district courts are granted discretionary power to appoint counsel to indigent individuals seeking relief under 28 U.S.C. §§ 2241, 2254, or 2255, when "the interests of justice so require."

Defendant suggests that he is entitled to relief under the Supreme Court's holding in <u>Davis</u>. <u>Davis</u> addressed the provision contained in 18 U.S.C. § 924(c)(1)(A) which authorized heightened penalties for using, carrying, or possessing a firearm in relation to any "crime of violence or drug trafficking crime." "Crime of violence" is defined in two subparts, the elements clause, § 924(c)(3)(A), and the residual clause, § 924(c)(3)(B). The residual clause defines a "crime of violence" as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The <u>Davis</u> court found the residual clause to be unconstitutionally vague.

Defendant herein was convicted, <u>inter alia</u>, under 18 U.S.C. § 924(o), which makes it a crime to conspire to use, carry, or possess a firearm during and in relation to or in furtherance of a drug-trafficking crime or "crime of violence" as that term is defined in § 924(c)(3). 18 U.S.C. § 924(o); see <u>id.</u> § 924(c)(1)(A). Because § 924(o) incorporates § 924(c) by reference, it potentially implicates § 924(c)(3)(B)'s residual clause and <u>Davis</u>. See <u>In re Cannon</u>, 931 F.3d 1236, 1243 (11th Cir. 2019). However, the residual clause is not implicated in this case, because,

as set forth clearly in the factual basis and the plea agreement, defendant's § 924(o) conviction was predicated upon crimes of violence which satisfy the elements clause, and the commission of drug trafficking crimes. Rec. Docs. 235, 236. Davis has no application where the predicate "crime of violence" is based on the elements clause, or where the predicate crime was a drug-trafficking crime. Thus, Davis has no impact on defendant's conviction or sentence, and the interests of justice do not require defendant to receive court appointed counsel to pursue relief premised on Davis. Therefore,

**IT IS HEREBY ORDERED** that defendant Bernell Williams' **Motion for Appointment of Counsel** (Rec. Docs. 460, 462) is **DENIED**.

New Orleans, Louisiana, this  11th  day of June, 2020.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**