# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO: 12-51 |
| BERNELL WILLIAMS | SECTION: "S" |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant's **Motion for Appointment of Counsel** to pursue compassionate release (Rec. Doc. 486) is **DENIED**.

Before the court is a letter from the defendant in which he relates that he believes he may be entitled to compassionate release under 18 U.S.C. § 3582 due to his health status and the Covid-19 pandemic. He requests the appointment of counsel to pursue this relief.

There is no general constitutional right to appointed counsel in post-conviction proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). An appointment may be made in connection with certain ancillary matters under 18 U.S.C. § 3006A(c), and, at the court's discretion, under 18 U.S.C. § 3006A(2)(b) for indigent individuals seeking relief under 28 U.S.C. §§ 2241, 2254, or 2255 when "the interests of justice so require." These provisions do not apply in this case. A motion to reduce sentence is not an ancillary matter for purposes of 18 U.S.C. 3006A(c), and defendant has not sought relief under sections 2241, 2254, or 2255. See United States v. Whitebird, 55 F.3d 1007, 1010 (5th Cir. 1995). Accordingly, the court declines to appoint counsel.

The court also observes that any motion brought under section 3582 must first be

exhausted via the Bureau of Prisons ("BOP"). Defendant's letter does not reflect that any request has been submitted to the BOP. Accordingly, to the extent defendant's letter may be construed as a motion for reduction of sentence, it is denied without prejudice for failure to exhaust. Thus,

**IT IS HEREBY ORDERED** that defendant's **Motion for Appointment of Counsel** (Rec. Doc. 486) is **DENIED**.

New Orleans, Louisiana, this  14th  day of July, 2021.

**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**