UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 12-51 |
| BERNELL WILLIAMS | SECTION: "S" (3) |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant Bernell Williams' **Motion to Reduce Sentence** and **First Amended Motion to Reduce Sentence** (Rec. Docs. 490, 496) are **DENIED**.

BACKGROUND

On April 10, 2013, defendant Bernell Williams pleaded guilty to Counts 1, 2, 3, 6, and 18 of the Second Superseding Indictment. Count 1 charged him with participating in a RICO conspiracy, Count 2 charged him with participating in a conspiracy to distribute 28 grams or more of cocaine base, Count 3 charged him with participating in a conspiracy to use firearms in furtherance of a crime of violence and drug trafficking crime, Count 6 charged him with the non-fatal shooting of C.M. in aid of racketeering, and Count 18 charged him with participation in the non-fatal shooting of J.G., D.H., and S.R. in aid of racketeering. Defendant signed a factual basis detailing his involvement in these crimes.

Defendant's guideline imprisonment range was 235-293 months. On January 22, 2014, Judge Duval sentenced defendant to 240 months as to each count, to run concurrently. Williams is currently serving his sentence at Coleman II USP. His projected release date is November 28, 2028.

In the instant motion, defendant seeks a reduction in sentence/compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that "a combination of factors such as his age, the amount of time served, his rehabilitation, the COVID-19 pandemic, and the overall length of his sentence . . . either alone or in combination, constitutes extraordinary and compelling reasons" justify his release. Rec. Doc. 504, 5.

The government opposes the motion, arguing that Williams has failed to provide any reason why his sentence should be reduced due to the COVID-19 pandemic, his medical condition, or other hardship, and that even if he had, the factual basis demonstrates that Williams is a danger to the community and should not be released at this time.

## DISCUSSION

Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Under that provision, the court,

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that– (i) extraordinary and compelling reasons warrant such a reduction.... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

*Exhaustion Requirement*

The requirement that a defendant file a request with the Bureau of Prisons ("BOP") before filing a motion in federal court is a mandatory, but non-jurisdictional, claim-processing rule. United States v. Franco, 973 F.3d 465, 467 (5th Cir. 2020). Thus, exhaustion is mandatory

if properly raised, but may be waived or forfeited by an opposing party. Nutraceutical Corp. v. Lambert, 139 S. Ct. 710, 714 (2019).

In this case, the government acknowledges that the exhaustion requirement has been met, and the court therefore addresses the merits.

*Merits Discussion*

Title 18, section 3582 permits the court to reduce the term of imprisonment only after considering the applicable factors set forth in section 3553(a) and upon a finding that extraordinary and compelling reasons warrant a reduction and that a reduction is consistent with applicable policy statements issued by the Sentencing Commission. The applicable Sentencing Commission policy statement provides that a defendant seeking a sentence reduction must establish that "extraordinary and compelling reasons warrant the reduction" and "[the defendant] is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13.[1] Under the application notes to the Guideline, the court reaches the question of "extraordinary and compelling reasons" only after the defendant has satisfied the requirement of subsection two, that he is not a danger to the safety of others under section 3142(g). U.S.S.G. § 1B1.13, cmt. n.1.

In determining if a defendant is a danger to another person or the community, title 18, section 3142(g) requires consideration of factors including, inter alia, "the nature and

---

[1] The Fifth Circuit has held that when considering motions filed by defendants (as opposed to the Bureau of Prisons), U.S.S.G. § 1B1.13 is "not dispositive", but it "informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." See United States v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021); United States v. Shkambi, 993 F.3d 388, 392 (5th Cir. 2021).

circumstances of the offense charged, including whether the offense is a crime of violence, . . . or involves . . . a controlled substance, firearm, explosive, or destructive device", the weight of the evidence against the defendant; and the history and characteristics of the defendant, including, inter alia, the person's character, past conduct, and criminal history, as well as "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C.A. § 3142(g).

Defendant argues that consideration of the section 3142(g) factors weighs in favor of his release. Defendant argues that the circumstances of the offense indicate that he would not be a danger to the community because he was 16-19 years old at the time of the commission of the crimes, and his youth and misguidedness were major factors in his participation in the crimes. He claims that he has outgrown his youthful impulsiveness. Defendant further argues that because he is now 31 years old, he has "aged out" of committing violent crimes. Defendant also argues that he has an extensive history of rehabilitation efforts while incarcerated, having participated in over 100 hours of educational courses during his nine years of incarceration.

The court does not find that these facts, viewed in light of section 3142(g), weigh in favor of a sentence reduction. Defendant's age at the time of the offense was clearly considered by the sentencing judge. Numerous individuals in their early thirties commit violent crimes. And, in addition to the fact that 100 hours (or a little over two work weeks) of programming over the course of nine years does not constitute an extraordinary rehabilitation effort, Congress has explicitly directed the Sentencing Commission that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. 994(t).

To the contrary, consideration of the section 3142(g) factors counsels against a sentence reduction. Despite his claim that he pleaded guilty to a non-violent RICO conspiracy, defendant pleaded guilty to participating in violent gang activity, including the non-fatal shootings of four people, drug trafficking offenses, and firearms offenses. Under section 3142(g), convictions involving crimes of violence, controlled substances, or firearms are specifically identified as factors that demonstrate that a defendant is a danger to the community. Moreover, defendant's behavior while in prison is concerning. As he acknowledges, his behavior while incarcerated has "not been the best", and includes two citations for using drugs and two for fighting. Rec. Doc. 504, 12. Considering these factors, the court finds that defendant has failed to establish that his release would not pose a danger to the community.

Further, defendant has presented no evidence of a medical condition that rises to the level of an "extraordinary and compelling reason" warranting a reduction. While the application notes to the policy statement provide that certain types of medical conditions qualify as "extraordinary and compelling reasons," such as when a defendant is "suffering from a serious physical or medical condition," the condition must also be one "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility. . . ." U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). There is no suggestion in the record that defendant is presently unable to take care of himself within the confines of his facility. He acknowledges that his "medical records do not indicate that he currently suffers from any major medical health condition that would warrant a compassionate release." Rec. Doc. 504, 7. Defendant also recognizes that he has been fully vaccinated for COVID-19, and his "receipt of the vaccine has markedly reduced his

5

risk of severe infection and consequently the weight of this factor in warranting his release." Id. at 6. However, he suggests compassionate release is appropriate because these facts do not establish that he "is not at an increased risk of hospitalization ore even death from the new deadly strands of COVID-19 if he were to be exposed to or contract the virus again." Id. at 7. However, such "general concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence." United States v. Koons, 455 F. Supp. 3d 285, 292 (W.D. La. 2020); see also, United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Defendant has failed to establish that he meets the standard required for a reduction of his sentence based on any medical condition.

Finally, the court also notes that consideration of the section 3553 factors does not support a sentence reduction. Under 18 U.S.C. § 3553(a), a court must consider the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant. As the foregoing discussion reflects, defendant pleaded guilty to multiple crimes of violence involving firearms, including participating in four attempted murders. He has served approximately half of his sentence. He has received multiple disciplinary citations while incarcerated. Accordingly, the court finds that

in this case, the goals of section 3553(a), namely, for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant, would be undermined by granting this defendant early release. Accordingly,

**IT IS HEREBY ORDERED** that defendant Bernell Williams' **Motion to Reduce Sentence** and **First Amended Motion to Reduce Sentence** (Rec. Docs. 490, 496) are **DENIED**.

New Orleans, Louisiana, this __9th__ day of December, 2021.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**